**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 24 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

VICTORIANO SOLIS-REYES,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 22-1024

Agency No.
A099-823-961

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 20, 2023**
San Francisco, California

Before: SILER,*** WARDLAW, and M. Smith, Circuit Judges.

Victoriano Solis-Reyes, a citizen of Mexico, petitions this court to review the

Board of Immigration Appeals' denial of withholding of removal and Convention

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*** The Honorable Eugene E. Siler, United States Circuit Judge for the Court of Appeals, Sixth Circuit, sitting by designation.

Against Torture (CAT) relief. We have jurisdiction pursuant to 8 U.S.C. § 1252. We deny the petition for review.

We review legal questions de novo and factual findings for substantial evidence. *Tomczyk v. Garland*, 25 F.4th 638, 643 (9th Cir. 2022) (en banc). Under the latter standard, "administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). Where, as here, the Board of Immigration Appeals (BIA) affirms the Immigration Judge (IJ) and cites *Matter of Burbano*, 20 I. & N. Dec. 872 (BIA 1994), "we review both the IJ's and the BIA's decisions." *Ruiz-Colmenares v. Garland*, 25 F.4th 742, 748 (9th Cir. 2022) (citation omitted).

1. Solis-Reyes's removal proceedings were validly commenced, as the "the failure of an NTA to include time and date information does not deprive the immigration court of subject matter jurisdiction." *United States v. Bastide-Hernandez*, 39 F.4th 1187, 1188 (9th Cir. 2022) (en banc).

2. The BIA properly determined that Solis-Reyes did not suffer past persecution, and substantial evidence supports the BIA's finding that, even assuming *arguendo* Solis-Reyes suffered past persecution, he is not likely to be persecuted after returning to Mexico. *See* 8 C.F.R. § 208.16(b)(1) (past persecution triggers a

rebuttable presumption of future persecution).[1] Solis-Reyes concedes that he was never physically harmed in Mexico, but he fears returning to Mexico because of a long-ago familial land dispute in which his uncle shot at one of his brothers in 1989 and threatened his other brother around 2004. Solis-Reyes's family relocated after the 1989 incident and experienced no further incidents involving the uncle—other than when Solis-Reyes's brother returned to the disputed land around 2004 and confronted the uncle. *See* 8 C.F.R. § 208.16(b)(1)(i)(B) (reasonable internal location). Solis-Reyes's family no longer owns the disputed land. *See id.* § 208.16(b)(1)(i)(A) (changed circumstances). And Solis-Reyes's sister has lived for years in Mexico without any incident. *See Sinha v. Holder*, 564 F.3d 1015, 1022 (9th Cir. 2009) ("[A] petitioner's fear of future persecution 'is weakened, even undercut, when similarly-situated family members' living in the petitioner's home country are *not* harmed." (citation omitted)).

3.      The IJ did not deprive Solis-Reyes of due process by declining to hear his sister's testimony. To prevail on a due process challenge, Solis-Reyes must show both that (1) his removal proceedings were "fundamentally unfair," and (2) he suffered prejudice, such that "the outcome of the proceeding may have been

---

[1]      We need not decide which standard of review—de novo or substantial evidence—applies to past-persecution determinations because, even applying de novo review, we find no error in the BIA's determination here. *Cf. Flores Molina v. Garland*, 37 F.4th 626, 633 n.2 (9th Cir. 2022).

affected." *Zamorano v. Garland*, 2 F.4th 1213, 1226 (9th Cir. 2021) (citation omitted). His sister would have testified that their uncle successfully bribed local police after the 1989 incident. The IJ reasonably declined to hear such testimony because, even "taking all of [it] as true," it did not relate to the dispositive issue on which the IJ would ultimately deny relief: that Solis-Reyes is not likely to be harmed upon his return to Mexico.

4. Solis-Reyes's remaining contentions of legal error also fail. First, contrary to Solis-Reyes's assertion, the IJ did not adopt a "bright-line rule" regarding the passage of time. The IJ made a fact-specific finding that "the record evidence after 30 years and the selling of the land would sufficiently rebut any [past-persecution] presumption." Second, again contrary to Solis-Reyes's assertion, the BIA did not treat the presence of his sister in Mexico as "the only factor[] in determining whether internal relocation is reasonable" (capitalization standardized). The BIA mentioned the sister's experience while incorporating the IJ's decision, which emphasized that Solis-Reyes had *himself* internally relocated. Third, the IJ properly considered the CAT-relief regulatory factors. The IJ considered the absence of any past torture and Solis-Reyes's ability to internally relocate. *See* 8 C.F.R. § 1208.16(c)(3)(i)–(ii). Solis-Reyes identifies no "applicable" pattern of human rights abuses; nor does he identify what "[o]ther relevant information" the IJ should have considered. *See id.* § 1208.16(c)(3)(iii)–(iv).

The petition for review is **DENIED**.  The temporary stay of removal remains in place until the mandate issues.